**Charles WEAVER and Jay Wirt, Appellants,**

v.

**STATE of Indiana, Appellee.**

**No. 35A04–8912–CR–000576.**

Court of Appeals of Indiana, Fourth District.

Aug. 2, 1990.

Rehearing Denied Oct. 3, 1990.

Monica Foster, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., and Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

Charles Weaver and Jay Wirt appeal their convictions of possession of marijuana. In November of 1988, police detective Kent Farthing requested permission from Weaver to search the apartment where Weaver and Wirt resided, which Weaver granted. Farthing discovered that defendants were growing marijuana in their home. Both defendants were arrested and charged with possession of marijuana. They were convicted of that charge after a bench trial and were each sentenced to two years in prison. The sole issue presented for review is the trial court erred in refusing to grant the defendants' motion to suppress the marijuana seized from their apartment.

We affirm.

## FACTS

On November 18, 1989, Detective Farthing, acting on information received in a recent burglary, went to Weaver's place of employment to speak with him about his suspicion that Weaver possessed marijuana. Weaver agreed to follow Farthing back to Weaver's residence. Farthing testified at the hearing on the Motion to Suppress that, once he and Weaver arrived at the house, Farthing advised Weaver of his *Miranda* rights and asked him to give Farthing consent to search the house. Farthing then presented Weaver with the following form which Weaver signed:

## YOUR RIGHTS

You have the following constitutional rights.

You have the right to require that a search warrant be obtained before any search of your property.

You have the right to refuse to consent to warrantless search.

You have the right to talk to a lawyer before giving consent to such a search.

If you cannot afford a lawyer, one will be appointed for you.

If you are a *juvenile,* you have the right to talk with your parent or guardian before any consent to such a search.

## WAIVER AND CONSENT

*Both waivers and consents must be signed if juvenile.*

I have read the statement of my rights and understand what my rights are. I do not was a lawyer at this time. I consent to a warrantless search by officers of the Huntington Co. Sheriff of the following described property: *marijuana located at 637 S. Jefferson St., Huntington, Indiana.* I authorize these officers to seize any article of property which they consider evidence. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

Weaver asked Farthing what would happen if he refused to consent and Farthing replied he could get a search warrant from the court. Weaver signed the consent form and took Farthing into the house. Farthing found marijuana in two of the upstairs bedrooms.

Weaver testified at the hearing that he consented to the search because, while the two were still at Weaver's place of employment, he overheard a radio conversation between Farthing and dispatch which led him to believe a warrant had already been issued.

Motions to suppress the marijuana were filed on behalf of both defendants. After a hearing, the judge made the following findings of facts and conclusions of law:

## FINDINGS OF FACT

COMES NOW THE COURT and makes the following Findings of Fact and ruling:

(1) Based upon information received in a prior burglary, Captain Farthing met with the Defendant, Charles Weaver, at the Defendant's place of employment.

(2) Captain Farthing advised the Defendant, Charles Weaver, of his constitutional rights prior to questioning the Defendant.

(3) Captain Farthing specifically told the Defendant that he was not going to be arrested.

(4) The Defendant, Charles Weaver, got into his own vehicle and Officer Farthing followed him to Weaver's residence.

(5) At the residence and prior to entering, Captain Farthing read Weaver his rights with regard to a warrantless search and requested Defendant to execute a consent.

(6) Defendant voluntarily executed a written waiver and consent as exhibited by State's Exhibit No. 1.

(7) Prior to the Defendant's execution of the waiver, Captain Farthing again informed the Defendant that he did not have to let him into the residence. Captain Farthing indicated that if the consent was not given, the residence would be secured and a warrant would be obtained.

(8) The Defendant, Weaver unlocked the residence door with his key and the officer and Weaver went into the residence.

(9) Once inside the residence, the officer seized growing marijuana plants and other evidence associated with the growing of marijuana.

The issue presented in the cases at hand is whether the consent given by the Defendant, Charles Weaver, was a voluntary consent. First the Defendant, Weaver, alleges that Captain Farthing and the dispatcher engaged in a ploy to make the Defendant believe a search warrant had already been issued. By the Defendant's own testimony, the radio traffic (if any) between Captain Farthing and the dispatcher only contained the word warrant. The Court simply does not believe any ploy existed and that any belief that a search warrant had already been issued was not created by any actions of Captain Farthing. Secondly, the Defendant testified he was coerced into executing the waiver and consent by the promise that he would not be arrested at that time. Said testimony is inconsistent with his prior testimony that immediately after Captain Farthing read him his rights, Captain Farthing further indicated that Defendant was not going to be arrested.

THE COURT THEREFORE FINDS that the waiver and consent executed by the Defendant was voluntary and that the State has met its burden with regard to the warrantless search. Defendant's Motion to Suppress is therefore denied. (R. 39–40).

## DECISION

The only issue raised for review is whether the trial court erred in denying the defendants' motions to suppress. Defendants argue that the consent to search was not given voluntarily because Farthing failed to inform Weaver that a search warrant would not be automatically issued upon Farthing's request.

The State argues that this issue is waived because the defendants' grounds supporting their motions to suppress have changed from trial to appeal, citing *Tabor v. State* (1984), Ind., 461 N.E.2d 118; *Ballard v. State* (1974), 262 Ind. 482, 318 N.E.2d 798; *Weaver v. State* (1980), Ind. App., 404 N.E.2d 1180. According to the State, defendants based their argument-that consent to search was not voluntarily given-on the mistaken belief a warrant had already been issued. On appeal, defendants argue that Weaver should have been informed of the discretion involved in issuing a search warrant.

■ When a party raises an argument on appeal predicated on grounds substantially different from those raised at trial, any allegation of error is waived. *Tabor, supra.* The error raised by defendants at trial and on appeal is whether consent was voluntary. It is not clear from the record that the defendants argument was based solely on Weaver's belief a warrant had been issued. The trial court found as a fact that Farthing told Weaver that if he refused to consent to a search, a warrant would be obtained. Thus, there is some indication that this issue was raised and that the trial court considered this in determining whether Weaver's consent was voluntary. Thus, we find that this issue is not waived.

█ In reviewing a trial court's determination of the validity of the search, this court considers the evidence favorable to the judgment with any uncontradicted evidence and upholds the trial court if its ruling is supported by the evidence. *Bruce v. State* (1978) 268 Ind. 180, 375 N.E.2d 1042, *cert. denied* (1978), 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. The test for voluntariness is whether the defendant's will was overborne in a particular case by duress or coercion, express or implied. *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854. This determination is a question of fact to be determined from the totality of the circumstances surrounding its giving. *Schneckloth supra, Cato v. State* (1979), 272 Ind. 102, 396 N.E.2d 119. No one circumstance is dispositive, but many circumstances have been found to be relevant. *Cato, supra.*

█ Defendants' argument focuses on one circumstance—the fact that Farthing stated he would obtain a search warrant without explaining that a warrant may or may not be issued. They support their argument with dicta in *United States v. Faruolo* (1974), 2d Cir., 506 F.2d 490. Faruolo argued that he consented to a search of his property because he feared his son would be arrested and because of the officer's representation that a search warrant could be obtained. Although the court found Faruolo's consent was freely given, Judge Newman, in a concurring opinion, stated:

> Were the slate clean, I would be inclined to reject a finding of voluntariness obtained in response to statements about the obtaining of a warrant that did not in some way affirmatively communicate the discretionary aspect of the warrant-issuing process. If a person is confronted with only the choice of permitting an immediate search without a warrant or waiting the brief interval necessary for a warrant to be obtained, he is misled into believing that the only variable in the choice is time, rather than the far more important variable of whether the warrant will be issued at all. If he consents because he has been led to believe that obtaining a warrant is a virtually automatic formality, then regardless of his apparent willingness to permit the search, he has responded to a situation as "instinct with coercion" as the one in *Bumper*, where the officer gained entry not with the assurance that a warrant could be obtained, but with the statement that he had already obtained one. *Bumper v. North Carolina, supra*, 391 U.S. [543] at 550, 88 S.Ct. 1788 [at 1792, 20 L.Ed.2d 797 (1968)]. If the waiver on which consent to a search is premised is really to be the "intentional relinquishment ... of a known right," *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), there ought to be some indication the warrant-issuing process is not automatic and that resort to it affords the householder the protection that a warrant will not issue unless a magistrate has found the existence of probable cause.

*Id.* at 496–97.

Judge Newman, however, agrees that the slate was not clean and that all of the circumstances surrounding an alleged consent should be examined to determine voluntariness. Further, in his concurrence, Judge Newman stated that he would not require the police to explain the discretionary nature of issuing warrants, but would forbid police from affirmatively conveying the idea that no discretion exists. In the case before us, Farthing merely informed Weaver he would get a warrant and did not state that one would automatically be issued. Thus, he did not represent that there was no discretion involved.

We are bound by precedent to look to the totality of the circumstances surrounding the giving of the consent to determine if Weaver's will was overborne by duress and coercion. *Cato, supra.* The uncontroverted evidence shows that Weaver voluntarily followed Farthing to his house. He was informed of all his rights before giving Farthing both oral and written permission

to search his house. Finally, he unlocked the door to his apartment and told Farthing that what he was looking for was upstairs. Weaver does not argue on appeal that he was coerced by Farthing in any way. This evidence supports that trial court's determination that Weaver voluntarily consented to the search.

The decision of the trial court is therefore affirmed.

RATLIFF, C.J., and CONOVER, J., concur.