# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT-COOPER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 15 2013, 9:00 am
CLERK
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

CHARLES MERIWETHER,              )
                                )
    Appellant-Defendant,     )
                                )
       vs.            )    No. 49A02-1208-CR-676
                                )
STATE OF INDIANA,               )
                                )
    Appellee-Plaintiff.      )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose D. Salinas, Judge
Cause No. 49G14-1005-FD-41823

**March 15, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Charles Meriwether appeals his convictions of Class A misdemeanor possession of marijuana[1] and Class D felony possession of paraphernalia.[2] He presents one issue for our review: Whether the trial court abused its discretion when it admitted Meriwether's statement indicating he had marijuana in his vehicle, and the marijuana and pipe subsequently found therein. We affirm.

## FACTS AND PROCEDURAL HISTORY

On the evening of May 25, 2010, Sergeant Gregory Strehle of the Indianapolis Metropolitan Police Department was called to a parking lot to investigate drug-related activity. He discovered one vehicle, a blue Buick, with one occupant, Meriwether. Sergeant Strehle parked near Meriwether's vehicle and turned on his spotlight. Meriwether exited his vehicle and walked toward the rear of it. Sergeant Strehle ordered Meriwether to stop and place his hands on the car. Meriwether complied. As Sergeant Strehle approached Meriwether, he smelled burnt marijuana, and he explained to Meriwether he was at the parking lot to investigate narcotics activity. He asked Meriwether if there was anything in the car he needed to know about, and Meriwether replied, "Marijuana." (Tr. at 100.) As Sergeant Strehle and Meriwether conversed, two other officers arrived at the scene.

Sergeant Strehle placed Meriwether in handcuffs, then walked around Meriwether's vehicle, shining his flashlight into the car. Through the open driver's door, Sergeant Strehle saw a metal tray with an ashtray in it, a baggie containing a green, leafy substance that was

---

[1] Ind. Code § 35-48-4-11.
[2] Ind. Code § 35-48-4-8.3(b).

later determined to be marijuana, and a metal pipe on the floor of the vehicle between the two front seats. Sergeant Strehle arrested Meriwether.

The State charged Meriwether with Class A misdemeanor possession of marijuana and Class A misdemeanor possession of paraphernalia. The State also charged possession of paraphernalia as a Class D felony because Meriwether had a prior conviction of possession of paraphernalia.

Meriwether, proceeding *pro se*, filed a motion to suppress the bag of marijuana and the pipe found in his vehicle. He argued Sergeant Strehle lacked probable cause to arrest him and the warrantless search of Meriwether's vehicle violated his Fourth and Fourteenth Amendment rights under the United States Constitution and his Article 1, Section 11 rights under the Indiana Constitution. Following a hearing, the trial court denied the motion, noting the marijuana and pipe were in plain view.

A jury found Meriwether guilty on both misdemeanor counts, and he admitted the prior conviction that enhanced the paraphernalia conviction to a Class D felony. The trial court entered the convictions and ordered concurrent sentences of 365 days, with 363 days suspended.

### DISCUSSION AND DECISION[3]

Meriwether did not seek interlocutory review of the denial of his motion to suppress

---

[3] We heard oral argument on February 13, 2013, in the Supreme Court Courtroom at the Statehouse, before participants of the Lake County TRiO Upward Bound, a college preparatory program involving multiple Lake County high schools. We thank Lake County TRiO Upward Bound for joining us, and commend counsel for their excellent advocacy.

but instead appeals following trial. This issue is therefore "appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial." *Lundquist v. State*, 834 N.E.2d 1061, 1067 (Ind. Ct. App. 2005). Our review of rulings on the admissibility of evidence is essentially the same whether the challenge is made by a pre-trial motion to suppress or by trial objection. *Id*. We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id*. However, we must also consider the uncontested evidence favorable to the defendant. *Id*.

The State argues Meriwether has waived his argument for two reasons. First, the State claims he waived any error by failing to object to the admission of the evidence at trial. Second, the State claims Meriwether asserts, on appeal, a different reason for suppression of the evidence than he asserted before the trial court.

The Record reflects Meriwether did not object at trial to the admission of this evidence. "To preserve a suppression claim a defendant must make a contemporaneous objection that is sufficiently specific to alert the trial judge fully of the legal issue. Where a defendant fails to object to the introduction of evidence . . . the defendant waives the suppression claim." *Moore v. State*, 669 N.E.2d 733, 742 (Ind. 1996) (citations and emphasis omitted), *reh'g denied*.

Second, Indiana law provides, "[w]hen a party raises an argument on appeal predicated on grounds substantially different from those raised at trial, any allegation of error is waived." *Weaver v. State*, 556 N.E.2d 1386, 1387 (Ind. Ct. App. 1990), *reh'g denied*. In his pre-trial motion to suppress, Meriwether challenged the admission of only the marijuana

4

and pipe,[4] and in support thereof asserted:

> Petitioner did not consent to a search of his vehicle, therefore, his Fourteen[th] and Fourth Amendment rights under the United States Constitutions and his rights under Article One, [S]ection [E]leven [of the Indiana Constitution] were violated when [p]olice [o]fficer [sic] located marijuana and marijuana pipe is [sic] arm rest compartment.

(App. at 45.) On appeal, Meriwether argues his "Fifth Amendment and Article 1, Section 14 right to be free from self-incrimination was violated when police had him detained with his hands on his car and questioned him without giving him *Miranda* warnings." (Br. of Appellant at 4.)

We agree that Meriwether waived his argument regarding an alleged violation of his Fifth Amendment and Article 1, Section 14 rights because he did not make that argument in his pre-trial motion to suppress and did not object contemporaneous to the admission of the evidence during trial. Notwithstanding the waiver, we hold the trial court did not abuse its discretion when it admitted Meriwether's statement because he was not in custody when Sergeant Strehle asked him about possible items of concern in his vehicle.

The Fifth Amendment to the United States Constitution states, in relevant part: "No person shall . . . be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law[.]" The Indiana Constitution has similar language in Article 1, Section 14: "No person, in any criminal prosecution, shall be compelled to testify against himself." Pursuant to both of these constitutional provisions,

---

[4] In his motion to suppress, Meriwether did not request the suppression of his statement to Sergeant Strehle that marijuana was in his vehicle.

the police must advise a defendant of his right not to incriminate himself when the defendant is subject to a custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), *reh'g denied*; *Loving v. State*, 647 N.E.2d 1123, 1125 (Ind. 1995).

> As our Indiana Supreme Court explained in *Loving*:
>
> Whether a person was in custody at a given time depends not upon the subjective views of either the interrogating officers or the subject being questioned but upon the "objective circumstances." An officer's knowledge and beliefs are only relevant to the question of custody if conveyed—through either words or actions—to the individual being questioned. Likewise, a police officer's "unarticulated plan has no bearing on the question" of custody. The test is how a reasonable person in the suspect's shoes would understand the situation.

647 N.E.2d at 1125 (citations omitted). To help determine if a defendant was subject to a custodial interrogation, Indiana courts have also considered whether the defendant was handcuffed or restrained in any way, whether the police interrogation was vigorous, whether the police implied the defendant was not free to leave or there were adverse consequences for non-compliance, and how long the officer detained the defendant. *Meredith v. State*, 906 N.E.2d 867, 874 (Ind. 2009).

"A person stopped by police, while 'seized' and momentarily not free to go, is ordinarily not considered in custody." *Id.* at 873. When Sergeant Strehle arrived in the parking lot and activated his spotlight, Meriwether exited his vehicle of his own accord. Sergeant Strehle smelled burnt marijuana  did not physically restrict or touch Meriwether before Meriwether made the statement regarding the marijuana in the car, and Sergeant Strehle explained to Meriwether he was investigating a report of narcotics possession. When

6

asked if there was anything Sergeant Strehle should know about in his vehicle, Meriwether voluntarily indicated he had marijuana. Based on these facts, we hold Meriwether was not in custody for the purpose of *Miranda*. *See Jones v. State*, 655 N.E.2d 49, 55 (Ind. 1995) (Jones was not in custody for purposes of Miranda when the police officer ordered Jones from his car, and other officers on the scene partially blocked Jones' exit from the scene); *Cf. Conwell v. State*, 714 N.E.2d 764, 767 n. 2 (Ind. Ct. App 1999) (holding Conwell in custody when officer placed him in handcuffs and put him in a choke hold during a traffic stop).[5]

The trial court did not commit fundamental error when it admitted Meriwether's statement into evidence. Accordingly, we affirm.

RILEY, J., and VAIDIK, J., concur.

---

[5] Additionally, we note the evidence found inside of Meriwether's vehicle, the marijuana and pipe, was properly admitted independent of Meriwether's statement because Sergeant Strehle had probable cause to search Meriwether's vehicle based on Sergeant Strehle's testimony he smelled burnt marijuana. *See State v. Hawkins*, 766 N.E.2d 749, 752 (Ind. Ct. App. 2002) ("when a trained and experienced police officer detects the strong and distinctive odor of burnt marijuana coming from a vehicle, the officer has probable cause to search the vehicle.").