


FILED

Jul 08 2024, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Jose Miguel Zuniga,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

July 8, 2024

Court of Appeals Case No.
23A-CR-3107

Appeal from the Cass Superior Court

The Honorable Lisa L. Swaim, Judge

Trial Court Cause No.
09D02-2108-F2-11

---

**Opinion by Judge Tavitas**
Judges Crone and Bradford concur.

**Tavitas, Judge.**

## Case Summary

[1] Jose Zuniga was convicted of dealing in methamphetamine, a Level 2 felony; possession of a narcotic drug, a Level 5 felony; and unlawful possession of a firearm by a serious violent felon, a Level 4 felony, based on evidence obtained from a search of his house. The search warrant was issued based on information that law enforcement obtained during the separate arrest of a third party, Louise Antonio Lopez-Aleman. Zuniga appeals and argues that the trial court should have excluded the evidence because Lopez-Aleman's arrest was, according to Zuniga, illegal. We are not persuaded by this argument and, accordingly, affirm.

## Issues

[2] Zuniga raises two issues, which we consolidate and restate as whether Zuniga has standing to challenge the legality of Lopez-Aleman's arrest under either the Fourth Amendment to the United States Constitution or Article 1, Section 11 of the Indiana Constitution.

## Facts

[3] In August 2021, law enforcement officers were conducting surveillance outside of a house at 108 West Linden Avenue in Logansport in an attempt to locate an individual and execute an arrest warrant. On the evening of August 24, 2021, Logansport Police Department Detective Sergeant John Rogers was stationed in the area and noticed a vehicle parked in front of a nearby house at 225 West

Linden Avenue. Detective Rogers had not seen the vehicle in the area beforehand. After several minutes, individuals entered the vehicle, drove it down the street, and failed to signal at two turns. Detective Rogers contacted Cass County Sheriff's Department Detective Sergeant John O'Connor and informed him of the vehicle and the traffic infractions.

[4] Detective O'Connor drove to the area and executed a traffic stop of the vehicle. The vehicle had two occupants; Louise Antonio Lopez-Aleman was the driver, and Anjelica Kassa was the passenger. Lopez-Aleman provided Detective O'Connor with "a Mexic[an], either ID card or driver's license," but he was unable to provide an Indiana driver's license. Detective O'Connor then asked Lopez-Aleman to step outside of the vehicle and conducted a pat-down search of Lopez-Aleman's person. Detective O'Connor discovered a vial containing suspected illegal drugs and arrested Lopez-Aleman. In a search incident to arrest, Detective O'Connor discovered additional suspected drugs, firearms, and $3500 in cash in the vehicle.

[5] Meanwhile, Detective Rogers arrived on the scene. The passenger, Kassa, reported that she had just sold one pound of marijuana at the 225 West Linden Avenue address to Zuniga, whom she knew by another name. She showed Detective Rogers pictures and text messages identifying Zuniga.

[6] Based upon this information, law enforcement sought a search warrant to search the 225 West Linden Avenue address that same evening. In a late-night hearing on probable cause, Detective O'Connor appeared before the Cass

Superior Court and testified regarding the traffic stop and the information provided by Kassa. The trial court found probable cause and issued the search warrant.

[7] Law enforcement officers executed the search warrant later that evening. Inside the house, the officers discovered various illegal drugs, a scale, cash, baggies, and an Uzi submachine gun, and they arrested Zuniga. The State ultimately charged Zuniga with: (1) dealing in methamphetamine, a Level 2 felony; (2) possession of a narcotic drug, a Level 5 felony; and (3) unlawful possession of a firearm by a serious violent felon, a Level 4 felony.

[8] On August 4, 2023, Zuniga filed a motion to suppress the evidence found in the house on the grounds that the search warrant was not supported by probable cause. Zuniga argued that the search warrant lacked probable cause because it was obtained based on the information provided by Kassa during Lopez-Aleman's arrest, but law enforcement had not done "anything to corroborate Ms. [K]assa's hearsay statement" before applying for the search warrant. Appellant's App. Vol. II p. 85. In subsequent hearings on the motion to suppress on August 22, 2023, and September 26, 2023, Zuniga again argued that the search warrant lacked probable cause because there was insufficient "corroboration" of Kassa's statements. Tr. Vol. II p. 27, 62. The trial court denied the motion to suppress in a ruling on October 12, 2023. The trial court found that Kassa's statements were sufficiently reliable to support the finding of probable cause.

A jury trial was held in October 2023. Zuniga renewed his objection to the evidence based on his motion to suppress, and the trial court overruled this objection. The jury found Zuniga guilty as charged. The trial court sentenced Zuniga to an aggregate sentence of twenty-eight years in the Department of Correction. Zuniga now appeals.

## Discussion and Decision

On appeal, Zuniga argues that the trial court erred by declining to exclude the evidence obtained from the search of his house because the evidence was obtained as a result of Lopez-Aleman's arrest, and Lopez-Aleman's arrest was illegal.[1] We reject this argument because it is waived and, waiver notwithstanding, Zuniga lacks standing to challenge Lopez-Aleman's arrest.

When, as here, a defendant does not seek interlocutory review of the denial of a motion to suppress but instead appeals following trial, the issue is "'appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial.'" *Meriwether v. State*, 984 N.E.2d 1259, 1262 (Ind. Ct. App. 2013) (quoting *Lundquist v. State*, 834 N.E.2d 1061, 1067 (Ind. Ct. App. 2005)), *trans. denied*; *accord Combs v. State*, 168 N.E.3d 985, 990 (Ind. 2021). We will reverse only where the decision is clearly against the logic and

---

[1] Zuniga argues that Lopez-Aleman's arrest was illegal because it is not illegal to drive in Indiana with a foreign driver's license. Because we conclude in this opinion that Zuniga's argument is waived and that, moreover, Zuniga does not have standing to challenge Lopez-Aleman's arrest, we do not determine whether the arrest was illegal.

effect of the facts and circumstances and the error affects a party's substantial rights. *Clark v. State*, 994 N.E.2d 252, 259-60 (Ind. 2013). "We review *de novo* a ruling on the constitutionality of a search or seizure, but we give deference to a trial court's determination of the facts, which will not be overturned unless clearly erroneous." *Brummett v. State*, 230 N.E.3d 968, 973 (Ind. Ct. App. 2024) (citing *Campos v. State*, 885 N.E.2d 590, 596 (Ind. 2008)).

## I. Waiver

[12] First, we find that Zuniga has waived his argument that the evidence should have been excluded based on the alleged illegality of Lopez-Aleman's arrest. To preserve a suppression claim for appeal, at trial, "a defendant must make a contemporaneous objection that is sufficiently specific to alert the trial judge fully of the legal issue." *Meriwether*, 984 N.E.2d at 1262 (citing *Moore v. State*, 669 N.E.2d 733, 742 (Ind. 1996), *reh'g denied*). Additionally, "'[w]hen a party raises an argument on appeal predicated on grounds substantially different from those raised at trial, any allegation of error is waived.'" *Id.* (quoting *Weaver v. State,* 556 N.E.2d 1386, 1387 (Ind. Ct. App. 1990), *trans. denied*).

[13] Here, at the trial level, Zuniga only argued that the evidence should have been suppressed because he believed law enforcement had not sufficiently corroborated Kassa's statements before applying for the search warrant. Now on appeal, however, Zuniga presents a different argument—that the evidence should have been suppressed because, according to him, Lopez-Aleman's arrest

was illegal. Because Zuniga did not present this argument to the trial court, the argument is waived. *See id.* (finding defendant's appellate arguments for exclusion of the evidence were waived when they were different than the arguments that defendant raised in his motion to suppress).

## II. Illegal Search—Standing

[14] Waiver notwithstanding, Lopez-Aleman's arrest does not support exclusion of the evidence against Zuniga under either the Fourth Amendment to the United States Constitution or Article 1, Section 11 of the Indiana Constitution. Neither of these authorities permits Zuniga to challenge Lopez-Aleman's arrest because Zuniga lacks standing to do so. Accordingly, we hold that Zuniga lacks standing to challenge Lopez-Aleman's arrest under both the Fourth Amendment to the United States Constitution and the Indiana Constitution.

### A. Fourth Amendment

[15] Whether Zuniga may challenge the evidence as the fruit of an illegal arrest of Lopez-Aleman is an issue that is often referred to as "standing." *See Rakas v. Illinois*, 439 U.S. 128, 132-33, 99 S. Ct. 421, 424-25 (1979).[2] The question is whether the challenged search or seizure violated the rights of the defendant who seeks to exclude the evidence obtained during that search or seizure, and this "inquiry in turn requires a determination of whether the disputed search

---

[2] The United States Supreme Court has since walked back the use of the word "standing" to describe this legal issue, but it is a helpful shorthand, nonetheless. *See Rakas*, 439 U.S. at 133, 99 S. Ct. at 425.

and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect." *Id.* at 140, 99 S. Ct. at 429. Essentially, we ask whether the defendant's argument for exclusion rests on a violation of his own rights or the rights of a third party. *See id.*

[16] For example, in *Rakas*, the defendants moved to suppress a rifle and shells discovered in a search of the vehicle in which they were passengers. *Id.* at 130, 99 S. Ct. at 423. They claimed that the search was illegal under the Fourth Amendment; however, they claimed no ownership of the vehicle or the evidence itself. *Id.* at 130-131, 99 S. Ct. at 423-24. The trial court denied the motion to suppress, and the United States Supreme Court affirmed. The Court noted that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Id.* at 133-34, 99 S. Ct. at 425. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Id.* at 134, 99 S. Ct. at 425.

[17] In affirming the denial of the motion to suppress in *Rakas*, the Court rejected the defendants' "target theory," which would "in effect permit a defendant to assert that a violation of the Fourth Amendment rights of a third party entitled [the defendant] to have evidence suppressed at [the defendant's] trial." *Id.* at 132-33, 99 S. Ct. at 424-25; *see also State v. Allen*, 187 N.E.3d 221, 228 (Ind. Ct. App. 2022) ("[I]t is well-established Fourth Amendment jurisprudence that a criminal defendant's Fourth Amendment rights are not implicated simply

because a search of a third party led to evidence which incriminates the defendant.") (citing *Peterson v. State*, 674 N.E.2d 528, 532 (Ind. 1996); *Rakas*, 439 U.S. at 134, 99 S. Ct. at 421), *trans. denied*.

[18] Here, the issue is whether Zuniga has standing to challenge the arrest of Lopez-Aleman. Lopez-Aleman's arrest does not implicate Zuniga's personal rights, and Zuniga cannot vicariously assert the rights of Lopez-Aleman in order to suppress the evidence against Zuniga.

[19] Zuniga argues that he does have standing because he has an "interest" in his house and the items seized therein. Appellant's Reply Br. p. 8. Zuniga's argument, however, is merely a recantation of the target theory that was rejected in *Rakas*. The fact that Zuniga's house was searched and items were seized as a downstream consequence of Lopez-Aleman's arrest does not confer standing to Zuniga to challenge Lopez-Aleman's arrest. *See, e.g., United States v. Caicedo*, 85 F.3d 1184, 1191 (6th Cir. 1996) (holding that, in driver's motion to suppress drugs found in passenger's backpack, driver lacked standing to challenge legality of passenger's seizure under the Fourth Amendment); *United States v. Cole*, 276 F. Supp. 2d 146, 153-54 (D.D.C. 2003) (holding that driver lacked standing to challenge "search of the passenger, seizure of the passenger's gun, or arrest of the passenger" so as to exclude the evidence obtained therefrom against the driver). Accordingly, Zuniga lacks standing to challenge Lopez-Aleman's arrest under the Fourth Amendment.

## B. Article 1, Section 11

Like the Fourth Amendment, Article 1, Section 11 of the Indiana Constitution protects an individual's "'right to be secure in their persons, houses, papers and effects, against unreasonable search and seizure,'" and this right "'is a personal right of the individual whose person, house, papers or effects are searched or seized.'" *Harris v. State*, 156 N.E.3d 728, 733 (Ind. Ct. App. 2020) (quoting *Peterson*, 674 N.E.2d at 533-34). Article 1, Section 11 similarly requires "standing to challenge a search or seizure—a defendant cannot successfully object to a search of the premises of another if such search does not unlawfully invade his own privacy.'" *Id.* (quoting *Peterson*, 674 N.E.2d at 534). "'If the facts fail to establish that the alleged illegal search and seizure actually concerned the person, house, papers or effects of the defendant, he will not have standing to challenge the illegality'" under the Indiana Constitution. *Id.* (quoting *Peterson*, 674 N.E.2d at 534). *See Peterson*, 674 N.E.2d at 534 (holding that defendant lacked standing under Article 1, Section 11 of the Indiana Constitution to challenge search of bedroom in his mother's apartment in which defendant previously but no longer resided).

Our Court addressed a similar standing question as Zuniga's in *State v. Allen*, 187 N.E.3d 221 (Ind. Ct. App. 2022), *trans. denied*. In that case, Allen's husband was speaking with law enforcement in front of the couple's residence, and law enforcement "reached" into the husband's sock and found suspected illegal drugs. *Id.* at 225. While the husband was being arrested, he suggested that additional illegal drugs might be found inside the residence. *Id.* Based on

this information, law enforcement obtained a search warrant to search the residence, found illegal drugs and paraphernalia therein, and charged Allen with several offenses. *Id*. at 225-26. Allen moved to suppress the evidence and argued that the evidence "was the fruit of the poisonous tree of an illegal search of" her husband. *Id*. at 226. The trial court granted the motion to suppress, and the State appealed. *Id*. On appeal, this Court reversed and held that Allen lacked standing under both the Fourth Amendment and the Indiana Constitution to challenge the search of her husband, and accordingly, the evidence was admissible. *Id*. at 228.

[22] Just as *Allen* lacked standing to challenge the search of her husband, Zuniga lacks standing to challenge the arrest of Lopez-Aleman. Accordingly, as with the Fourth Amendment, Zuniga lacks standing to challenge Lopez-Aleman's arrest under Article 1, Section 11 of the Indiana Constitution, and the trial court did not err by declining to exclude the evidence against Zuniga.

## Conclusion

[23] The trial court did not err by declining to exclude the evidence. Accordingly, we affirm.

[24] Affirmed.

Crone, J., and Bradford, J., concur.

ATTORNEY FOR APPELLANT

Mark K. Leeman

Leeman Law Offices
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana